

# IN THE 31ST JUDICIAL CIRCUIT COURT, GREENE COUNTY, MISSOURI

| Judge or Division:<br>MARK A POWELL | Case Number: 1431-CC01293 |
|---|---|
| Plaintiff/Petitioner:<br>MINDY WYATT<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>JOSEPH CHANDLER GREGG<br>415 E CHESTNUT EXPWY<br>SPRINGFIELD, MO 65802 |
| Defendant/Respondent:<br>SAFECO INSURANCE COMPANY OF ILLINOIS | Court Address:<br>JUDICIAL COURTS FACILITY |
| Nature of Suit:<br>CC Breach of Contract | 1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  SAFECO INSURANCE COMPANY OF ILLINOIS
Alias:
CSC-LAWYERS INC. SERVICE CO.
221 BOLIVAR
JEFFERSON CITY, MO 65101

**COURT SEAL OF**

*GREENE COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____09/19/2014_____          _____MM_____
Date                                      Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
Date                                      Notary Public

**Sheriff's Fees**
| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ | (_____ miles @ $.____ per mile) |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**EXHIBIT
A**

OSCA (7-08) SM30 (SMCC) *For Court Use Only:* **Document Id # 14-SMCC-2905**          1 of 1          Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo
Case 6:14-cv-03458-GAF   Document 1-1   Filed 10/28/14   Page 1 of 50

Electronically Filed - Greene - September 19, 2014 - 03:19 PM

**IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI**

| | | |
|---|---|---|
| MINDY WYATT and<br>JUSTIN WYATT, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. _____ |
| | ) | |
| SAFECO INSURANCE COMPANY OF<br>ILLINOIS, | ) | |
| **SERVE:** | ) | |
| CSC–Lawyers Inc. Service Co. | ) | |
| 221 Bolivar | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION

### COUNT I
#### (UNDERINSURED MOTORIST COVERAGE)
#### (BREACH OF CONTRACT)

COME NOW plaintiffs Mindy Wyatt and Justin Wyatt, by and through their attorneys, and for their Petition against defendant Safeco Insurance Company of Illinois (hereinafter "Safeco"), state and aver the following:

1.　　Plaintiffs Mindy Wyatt (hereinafter "Mindy") and Justin Wyatt(hereinafter "Justin") are currently residents of the State of Florida. When Mindy and Justin entered into their insurance contract with Defendant Safeco, Mindy and Justin were residents of the state of Oklahoma.

2.　　Defendant Safeco is a foreign insurance company, registered to do business in Missouri. Safeco regularly solicits business from, issues policies to, and collects premiums from Missouri residents. Safeco solicited business from, issued a policy to and collected a premium from a Missouri resident in this case. As a foreign insurance company doing business in Missouri, Safeco

may be served through CSC–Lawyers Inc. Service Co., 221 Bolivar, Jefferson City, MO 65101.

3.     Safeco is a foreign company, registered to do business in Missouri. Moreover, at the time of the car wreck which injured Mindy on December 14, 2011, Mindy and Justin were residents of Missouri. Discussions with Safeco occurred while Mindy and Justin were Missouri residents and/or occurred from Greene County, Missouri. Accordingly, jurisdiction and venue are proper in any Missouri County, and venue is proper in this Court pursuant to R.S. Mo. § 508.010.

4.     On or about December 14, 2011, Mindy was operating her 2011 Kia Sorento northbound on Highway 10, at the intersection of County Road 155, in Wyandotte, Ottawa County, Oklahoma. At said time and place, Mariah Smith was operating a 1992 Dodge Ram pickup truck in a northbound direction, behind the location of Mindy's vehicle. Mindy was stopped at the intersection, waiting on traffic, and preparing to make a left turn onto County Road 155. Smith did not slow, stop nor swerve, and drover the 1992 Dodge Ram into the back of Mindy's vehicle. Mindy Wyatt was severely injured in the collision.

5.     At the time she was operating the 1992 Dodge Ram, Mariah Smith knew or should have known the Dodge Ram was in a condition that was unsafe for operation, to include knowledge or constructive knowledge that the brakes were not operating properly. Despite this knowledge and/or constructive knowledge, Mariah Smith chose to operate, and to continue to operate, the Dodge Ram.

6.     Mariah Smith breached her duty of care and was negligent and careless in one or more of the following respects, individually, in combination and/or in the alternative:

       a.     In permitting the vehicle she was driving to collide into the rear of Mindy's vehicle;

2

b.     In failing to keep a careful and vigilant lookout;

c.     In failing to sound a warning;

d.     In driving at a speed which made it impossible for him to stop within his range of visibility;

e.     In driving at an excessive speed;

f.     In driving the Dodge Ram more closely behind the vehicle operated by Mindy Wyatt than was reasonably safe and prudent having due regard for the speed and the traffic upon and the condition of the roadway in violation of R.S. Mo. § 304.017, which states:

> *"The driver of a vehicle shall not follow another vehicle more closely than is reasonably safe and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the roadway."*

g.     In operating the 1992 Dodge Ram in a careless and imprudent manner, in violation of R.S. Mo. § 304.012 which states:

> *"Every person operating a motor vehicle on the roads and highways of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care"*;

h.     In operating the vehicle in an unsafe manner under the circumstances;

     i.     In failing to stop, slow, swerve, sound a warning, slow and swerve, slow and sound a warning, or swerve and sound a warning after she knew or by using the highest degree of care could have known that there was a reasonable likelihood of collision with Mindy's vehicle;

3

ii.    In failing to keep the vehicle she was operating under proper control;

iii.    In following too closely behind Mindy's vehicle;

iv.    In talking on her cellular phone while driving;

v.    In operating a truck she knew or should have known was in an unsafe condition for operation;

vi.    In continuing to drive a truck after she knew or should have known it was having braking difficulties and/or was unsafe to drive;

vii.    In failing to cease operation of the Dodge Ram;

viii.    In failing to swerve so as to avoid the collision after she knew or should have known the brakes were not working properly;

ix.    In failing to pay attention to the roadway; and

x.    In driving in a manner so as to make a collision imminent.

7.    As a direct and proximate result of the negligence of Mariah Smith, Mindy Wyatt has suffered serious injury, to include a traumatic brain injury, post-concussion syndrome, neck injury including disk herniation, short-term memory difficulties, cognitive deficits, word-finding difficulties, critical thinking deficits, headaches, numbness and pain to the right side of her body including right-sided foot drop and drag, stabbing pain in her neck and head, and problems with everyday functioning. She has been rendered nervous by the collision, has suffered anxiety of body and mind, and has suffered emotional upset and loss of enjoyment of life. She has suffered all of the above injuries, continues to suffer from these injuries, and will continue to suffer from said injuries into the future, said injuries being permanent, disabling and progressive.

8.    By reason of her injuries, Mindy has paid or has become obligated to pay for, and will

4

in the future pay or become obligated to pay for, items of expense in obtaining and receiving medical care and treatment.

9.     Prior to the aforesaid injuries, Mindy was an able-bodied woman capable of doing and performing work and labor. As a direct and proximate result of her injuries, she has and in the future will suffer loss of wages, earnings, salaries and profits, and she has and in the future will suffer an impaired and diminished capacity for work, labor and pleasure.

10.    At all times mentioned herein, Justin was the lawfully-wedded husband of Mindy Wyatt.

11.    By reason of injuries to his wife Mindy, Justin has been and will in the future be deprived of Mindy's society, services, association, consortium and companionship. His enjoyment thereof has been and in the future will be lessened, impaired and diminished, and he has been and will in the future be required to provide assistance and personal care to his wife. Under the policy of underinsured motorist coverage, Justin is therefore a proper party to receive compensation, and is entitled to collect underinsured motorist coverage as set forth above

12.    By reason of the foregoing, plaintiffs Mindy and Justin Wyatt have been damaged and are entitled to fair and reasonable compensation.

13.    At all relevant times, Smith carried liability insurance coverage of $100,000.00, through Travelers Insurance. Travelers Insurance offered to pay Smith's policy limits of coverage to Mindy and Justin, to settle their claims against Smith. Travelers eventually paid the policy limits of $100,000 to settle the Wyatts' claims against Smith.

14.    Smith was underinsured for the collision, the resulting injuries to Mindy, and the damages incurred by Justin as a result of his wife's injuries.

5

15.     Mindy and Justin Wyatt were at all times pertinent insureds through defendant Safeco, and had a policy of insurance in force and effect through defendant Safeco which provided underinsured motorist benefits to Mindy and Justin, for the damages they suffered as a result of the collision with Smith.

16.     Defendant Safeco insured Mindy and Justin at all relevant times under Oklahoma law, under a policy of insurance titled "Oklahoma Personal Auto Policy." The insurance policy is reasonably believed to be Safeco Insurance Policy # Z4397698. Mindy and Justin paid money for coverages under said policy. All conditions necessary for said policy to be in force and effect were met. At all times pertinent, the insurance policy and/or a similar policy through Safeco was in force and effect.

17.     Mindy notified defendant Safeco on multiple occasions of Travelers' offer of Smith's policy limits of coverage, notified Safeco of her intention to settle for the policy limits of Smith's coverage, and requested Safeco's permission to settle for the policy limits of Smith's coverage.

18.     Specifically, on June 3, 2014, Mindy Wyatt advised Safeco of the policy limits offer, and requested Safeco's permission to settle. Safeco ignored Wyatt's letter, failed to respond to Wyatt, and refused to grant Wyatt permission to settle. Safeco's conduct delayed resolution of Wyatt's claims against Smith, and caused Wyatt damage and harm. Wyatt also offered to settle her underinsured motorist claim against Safeco for the policy limits of Wyatt's coverage through Safeco, but Safeco ignored Wyatt's demand. At the time Wyatt advised Safeco of Smith's offer to settle for the policy limits, and at the time Wyatt offered to settle for the policy limits of Safeco's underinsured motorist coverage, Wyatt provided Safeco all information necessary for Safeco to determine that Wyatt's damages were well in excess of all policy limits of insurance coverage available. Safeco's

6

conduct was done so as to impede Wyatt's ability to settle her claim against Smith, and so that Safeco could withhold money that was due and owing to Wyatt.

19.      On June 26, 2014, Wyatt made another demand/request in writing to Safeco, requesting that Safeco grant Wyatt permission to settle for the limits of Smith's liability insurance coverage, and Wyatt again offered to settle for the policy limits of her underinsured motorist coverage through Safeco. Safeco ignored Wyatt's communication, failed to respond to Wyatt, and refused to grant Wyatt permission to settle with Smith. Safeco also ignored Wyatt's demand for the policy limits of coverage. Safeco delayed resolution of Wyatt's claims against Smith, and delayed its payment obligations to Wyatt.

20.      Eventually, after having received no response to multiple communications to Travelers, Mindy Wyatt settled her claims with Smith, with Travelers paying the policy limits of $100,000.

21.      The car Mindy was driving at the time of the collision with Smith was insured through a policy of insurance purchased by plaintiffs from defendant Safeco. Due consideration was paid for said policy, and said policy was in full force and effect at all relevant times. Said policy contained underinsured motorist coverage of $100,000.00. Under the policy terms and at all relevant times, Mindy and Justin were insureds under the policy of insurance. Under the policy terms, Mindy and Justin are entitled to recover the $100,000.00 of underinsured motorist coverage due to the fact that their damages sustained as set forth above far exceed the amounts they have recovered from the coverage available to Smith.

22.      All conditions precedent in the Safeco Insurance policy have been performed or have occurred, and Safeco   is contractually obligated under its policy of insurance to provide the

underinsured motorist coverage due and owing for Mindy's injuries.

23.    Plaintiffs made demand on defendant Safeco for the policy limits of $100,000.00, which demand Safeco ignored. Plaintiffs have met all requisites to recover prejudgment interest on all sums due and owing.

24.    Defendant Safeco has owed, and does owe, its policy limits, as well as prejudgment interest on said sums.

WHEREFORE, plaintiff prays she be awarded from defendant Safeco Insurance Company, Inc., the amount of the underinsured motorist coverage to which plaintiff is entitled, prejudgment and postjudgment interest thereon, and for her costs expended herein, and for all such other relief as the court deems just and fair under the circumstances.

### COUNT II
### (BAD FAITH)

25.    COME NOW plaintiffs Mindy and Justin Wyatt, and for Count II of their causes of action against defendant Safeco, states and alleges as follows:

26.    Plaintiff incorporates by reference all paragraphs and sub-paragraphs set forth above, as though fully set forth herein.

27.    Mindy and Justin provided defendant Safeco with the applicable medical records and bills stemming from the subject accident.

28.    Mindy has made offers to defendant Safeco to settle within the policy limits of the above-referenced insured policy.

29.    Defendant Safeco has (a) ignored Mindy's offers, (b) ignored Mindy's requests, and (c) continually refused payment of her claims, despite having all of the necessary information

8

showing that policy limits are due and owing.

30.     Safeco's refusal to acknowledge and/or pay Mindy and/or Justin reasonable amounts due under the insurance policy has been in bad faith, has been vexatious, has been with gross neglgience, and has been without reasonable cause or excuse and is vexatious because:

a.     Safeco knew or should have known that the above-referenced wreck was solely caused by Smith;

b.     Safeco knew or should have known Mindy's severe injuries, disabilities, and lost wages were caused or contributed to be caused by the wreck;

c.     Safeco knew or should have known Mindy's harms and damages were far in excess of the policy limits available;

d.     Safeco placed its own pecuniary interests ahead of the health, well-being and interests of its insureds;

e.     Safeco recklessly and/or intentionally delayed and prolonged resolution of Mindy's claims; and

f.     Safeco failed to engage in fair claims settlement practices;

g.     Safeco ignored demands and requests made by its insureds;

h.     Safeco violated several laws of the state of Oklahoma, for adjusting and settling first party insurance claims, to include but not be limited to the provisions of 36 Ok. Stat Section 1250.3 and 1250.5, which include but are not limited to the following acts which are by definition "unfair claims settlement practice(s)" and are conduct engaged in by Safeco on this claim:

(1)     *"Failing to adopt and implement reasonable standards for prompt*

9

*investigations of claims arising under its insurance policies or insurance contracts";*

(2)   *"Not attempting in good faith to effecturate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear";* and

(3)   *"Compelling, without just cause, policyholders to institute suits to recover amounts due under its insurance policies or insurance contracts . . ."*

i.    Safeco put its financial interests ahead of the well-being and financial interests of its insureds;

j.    Safeco engaged in a pattern and practice as an institution of placing its financial well-being ahead of the interests of its insureds;

k.    Safeco engaged in an institutional pattern and practice of ignoring insureds' demands, and attempting to delay resolution of its insureds' claims against third party tortfeasors;

l.    Safeco engaged in an institutional pattern and practice of withholding amounts due and owing to its insureds;

m.    Safeco failed to consider the evidence provided by Mindy and/or failed to engage in any investigation of her injuries and claims;

n.    Safeco violated its duty to deal fairly and to act in good faith to its insureds;

31.   Defendant's refusal to pay reasonable amounts to Mindy and/or not engaging in any meaningful settlement negotiations with Mindy is in bad faith, and without reasonable cause or

10

excuse.

32.     Safeco's bad faith conduct in rejecting plaintiff's settlement offers resulted in damage to plaintiffs, including but not limited to:

> a.     Loss of monies to which plaintiffs are entitled under the above-referenced policy of insurance with defendant Safeco;
>
> b.     Costs and fees in filing this lawsuit against Safeco;
>
> c.     Emotional stress brought on by the circumstances surrounding the filing of this lawsuit and the harms which attended Safeco's conduct.

33.     Plaintiffs are entitled to recover these losses and damages set forth above, as well as all other economic and non-economic losses resulting from Safeco's bad faith conduct.

34.     Safeco knew or should have known in light of the surrounding circumstances that its conduct in refusing to accept plaintiff's offers would naturally and probably result in the above-stated harms to plaintiff;

35.     Despite such knowledge, SAfeco continued such conduct in reckless disregard of the consequences to plaintiff, with sole regard for its own pecuniary interests;

36.     Safeco's conduct is consistent with its pattern of conduct in avoiding payment of justified claims by knowingly refusing to pay its insured money to which they are entitled in order to delay payment to its insured and increase Safeco's bottom line.

37.     Defendant's conduct has been made solely to save money, at the expense of plaintiff's health and well-being. Safeco's conduct in placing its financial self-interest ahead of its insured's interests is in violation of its obligations to Mindy.

38.     Safeco's conduct was done with gross negligence, oppression, recklessness, bad faith,

11

malice, wantonness, and disregard of Mindy and Justin's rights, thus justifying the award of punitive damages. Plaintiffs are entitled to recover punitive damages from Safeco, for the conduct described above.

WHEREFORE, plaintiff respectfully requests she be awarded from defendant Safeco the amount of the underinsured motorist coverage to which she is entitled under the policy of insurance, all damages resulting from defendant's bad faith refusal, reasonable attorneys' fees for the prosecution of this action, for costs expended herein, prejudgment interest on all amounts, post-judgment interest, punitive damages, and for all such other relief as the Court deems fair and just under the circumstances.

<div align="center"><u>**JURY TRIAL DEMANDED**</u></div>

Plaintiffs hereby demand a jury trial for this matter.

Respectfully submitted,

**STRONG-GARNER-BAUER, P.C.**

Steve Garner – MO Bar #35899
Chandler Gregg – MO Bar #56612
415 E. Chestnut Expressway
Springfield, Missouri 65802
Phone 417-887-4300
Fax 417-887-4385
sgarner@stronglaw.com
chandler@stronglaw.com

Terry A. Neff
Neff & Day, P.C.
117 West Spring Street
P.O. Box 50
Neosho, MO 64850
Phone 417-451-7003
Fax 417-451-7048
tneff@neosholawyers.com

***Attorneys for Plaintiffs***

## IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

MINDY WYATT and )
JUSTIN WYATT, )
          )
         Plaintiffs, )
          )
vs. )      Case No. 1431-CC01293
          )
SAFECO INSURANCE COMPANY OF )
ILLINOIS, )
**SERVE:** )
     CSC–Lawyers Inc. Service Co. )
     221 Bolivar )
     Jefferson City, MO 65101 )
          )
         Defendant. )

### CERTIFICATE OF SERVICE

COME NOW plaintiffs, by and through their attorneys, and hereby advise that the following documents have been forwarded to the Cole County Sheriff Department via **U.S. MAIL** for service upon defendant, as prescribed by law, this 23rd day of September, 2014:

1.     Summons in Civil Case;

2.     *Petition*;

3.     *Certificate of Service*;

4.     *Plaintiffs' First Interrogatories to Defendant Safeco Insurance Company of Illinois*; and

5.     *Plaintiffs' First Requests for Production of Documents to Defendant Safeco Insurance Company of Illinois.*

**STRONG-GARNER-BAUER, P.C.**

Steve Garner – MO Bar #35899
Chandler Gregg – MO Bar #56612
415 E. Chestnut Expressway
Springfield, Missouri 65802
Phone 417-887-4300
Fax 417-887-4385
sgarner@stronglaw.com
chandler@stronglaw.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was filed with the Greene County Circuit Clerk via **ECF**, and forwarded to the Cole County Sheriff Department via **U.S. MAIL** for service on defendant, as prescribed by law, on this 23rd day of September, 2014.

Cole County Sheriff
**ATTN: CIVIL PROCESS**
350 E. High Street
P.O. Box 426
Jefferson City, MO 65101

**STRONG-GARNER-BAUER, P.C.**

2



**CORPORATION SERVICE COMPANY'**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Stephen Christo<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02117 |

| | |
|---|---|
| **Entity:** | Safeco Insurance Company Of Illinois<br>Entity ID Number 2785544 |
| **Entity Served:** | Safeco Insurance Company of Illinois |
| **Title of Action:** | Mindy Wyatt vs. Safeco Insurance Company of Illinois |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Greene County Circuit Court, Missouri |
| **Case/Reference No:** | 1431-CC01293 |
| **Jurisdiction Served:** | Missouri |
| **Date Served on CSC:** | 09/29/2014 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Steve Garner<br>417-887-4300 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com



# IN THE 31ST JUDICIAL CIRCUIT COURT, GREENE COUNTY, MISSOURI

| Judge or Division:<br>MARK A POWELL | Case Number: 1431-CC01293 |
|---|---|
| Plaintiff/Petitioner:<br>MINDY WYATT<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOSEPH CHANDLER GREGG<br>415 E CHESTNUT EXPWY<br>SPRINGFIELD, MO 65802 |
| Defendant/Respondent:<br>SAFECO INSURANCE COMPANY OF ILLINOIS | Court Address:<br>JUDICIAL COURTS FACILITY |
| Nature of Suit:<br>CC Breach of Contract | 1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |

**RECEIVED** (Date File Stamp)

## Summons in Civil Case

The State of Missouri to: SAFECO INSURANCE COMPANY OF ILLINOIS
Alias:
CSC-LAWYERS INC. SERVICE CO.
221 BOLIVAR
JEFFERSON CITY, MO 65101

SEP 26 2014
COLE COUNTY
SHERIFF'S OFFICE

COURT SEAL OF

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

GREENE COUNTY

| 09/19/2014 | MM |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

(Seal)

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
     Date      Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - Greene - September 19, 2014 - 03:19 PM

## IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

MINDY WYATT and )
JUSTIN WYATT, )
                      )
         Plaintiffs, )
                      )
vs.                    )     Case No. _____
                      )
SAFECO INSURANCE COMPANY OF )
ILLINOIS, )
**SERVE:**                 )
      CSC–Lawyers Inc. Service Co. )
      221 Bolivar )
      Jefferson City, MO 65101 )
                      )
         Defendant. )

## PETITION

### COUNT I
#### (UNDERINSURED MOTORIST COVERAGE)
#### (BREACH OF CONTRACT)

COME NOW plaintiffs Mindy Wyatt and Justin Wyatt, by and through their attorneys, and

for their Petition against defendant Safeco Insurance Company of Illinois (hereinafter "Safeco"),

state and aver the following:

     1.       Plaintiffs Mindy Wyatt (hereinafter "Mindy") and Justin Wyatt (hereinafter "Justin")

are currently residents of the State of Florida. When Mindy and Justin entered into their insurance

contract with Defendant Safeco, Mindy and Justin were residents of the state of Oklahoma.

     2.       Defendant Safeco is a foreign insurance company, registered to do business in

Missouri. Safeco regularly solicits business from, issues policies to, and collects premiums from

Missouri residents. Safeco solicited business from, issued a policy to and collected a premium from

a Missouri resident in this case. As a foreign insurance company doing business in Missouri, Safeco

may be served through CSC–Lawyers Inc. Service Co., 221 Bolivar, Jefferson City, MO 65101.

3.    Safeco is a foreign company, registered to do business in Missouri. Moreover, at the time of the car wreck which injured Mindy on December 14, 2011, Mindy and Justin were residents of Missouri. Discussions with Safeco occurred while Mindy and Justin were Missouri residents and/or occurred from Greene County, Missouri. Accordingly, jurisdiction and venue are proper in any Missouri County, and venue is proper in this Court pursuant to R.S. Mo. § 508.010.

4.    On or about December 14, 2011, Mindy was operating her 2011 Kia Sorento northbound on Highway 10, at the intersection of County Road 155, in Wyandotte, Ottawa County, Oklahoma. At said time and place, Mariah Smith was operating a 1992 Dodge Ram pickup truck in a northbound direction, behind the location of Mindy's vehicle. Mindy was stopped at the intersection, waiting on traffic, and preparing to make a left turn onto County Road 155. Smith did not slow, stop nor swerve, and drove the 1992 Dodge Ram into the back of Mindy's vehicle. Mindy Wyatt was severely injured in the collision.

5.    At the time she was operating the 1992 Dodge Ram, Mariah Smith knew or should have known the Dodge Ram was in a condition that was unsafe for operation, to include knowledge or constructive knowledge that the brakes were not operating properly. Despite this knowledge and/or constructive knowledge, Mariah Smith chose to operate, and to continue to operate, the Dodge Ram.

6.    Mariah Smith breached her duty of care and was negligent and careless in one or more of the following respects, individually, in combination and/or in the alternative:

>    a.    In permitting the vehicle she was driving to collide into the rear of Mindy's vehicle;

2

Electronically Filed - Greene - September 19, 2014 - 03:19 PM

b.    In failing to keep a careful and vigilant lookout;

c.    In failing to sound a warning;

d.    In driving at a speed which made it impossible for him to stop within his

      range of visibility;

e.    In driving at an excessive speed;

f.    In driving the Dodge Ram more closely behind the vehicle operated by Mindy

      Wyatt than was reasonably safe and prudent having due regard for the speed

      and the traffic upon and the condition of the roadway in violation of R.S. Mo.

      § 304.017, which states:

      *"The driver of a vehicle shall not follow another vehicle more closely
      than is reasonably safe and prudent, having due regard for the speed
      of such vehicle and the traffic upon and the condition of the
      roadway."*

g.    In operating the 1992 Dodge Ram in a careless and imprudent manner, in

      violation of R.S. Mo. § 304.012 which states:

      *"Every person operating a motor vehicle on the roads and highways
      of this state shall drive the vehicle in a careful and prudent manner
      and at a rate of speed so as not to endanger the property of another
      or the life or limb of any person and shall exercise the highest degree
      of care";*

h.    In operating the vehicle in an unsafe manner under the circumstances;

      i.    In failing to stop, slow, swerve, sound a warning, slow and swerve,

            slow and sound a warning, or swerve and sound a warning after she

            knew or by using the highest degree of care could have known that

            there was a reasonable likelihood of collision with Mindy's vehicle;

3

      ii.     In failing to keep the vehicle she was operating under proper control;

      iii.    In following too closely behind Mindy's vehicle;

      iv.    In talking on her cellular phone while driving;

      v.     In operating a truck she knew or should have known was in an unsafe condition for operation;

      vi.    In continuing to drive a truck after she knew or should have known it was having braking difficulties and/or was unsafe to drive;

      vii.   In failing to cease operation of the Dodge Ram;

      viii.  In failing to swerve so as to avoid the collision after she knew or should have known the brakes were not working properly;

      ix.    In failing to pay attention to the roadway; and

      x.     In driving in a manner so as to make a collision imminent.

     7.    As a direct and proximate result of the negligence of Mariah Smith, Mindy Wyatt has suffered serious injury, to include a traumatic brain injury, post-concussion syndrome, neck injury including disk herniation, short-term memory difficulties, cognitive deficits, word-finding difficulties, critical thinking deficits, headaches, numbness and pain to the right side of her body including right-sided foot drop and drag, stabbing pain in her neck and head, and problems with everyday functioning. She has been rendered nervous by the collision, has suffered anxiety of body and mind, and has suffered emotional upset and loss of enjoyment of life. She has suffered all of the above injuries, continues to suffer from these injuries, and will continue to suffer from said injuries into the future, said injuries being permanent, disabling and progressive.

     8.    By reason of her injuries, Mindy has paid or has become obligated to pay for, and will

<div align="center">4</div>

in the future pay or become obligated to pay for, items of expense in obtaining and receiving medical care and treatment.

9. Prior to the aforesaid injuries, Mindy was an able-bodied woman capable of doing and performing work and labor. As a direct and proximate result of her injuries, she has and in the future will suffer loss of wages, earnings, salaries and profits, and she has and in the future will suffer an impaired and diminished capacity for work, labor and pleasure.

10. At all times mentioned herein, Justin was the lawfully-wedded husband of Mindy Wyatt.

11. By reason of injuries to his wife Mindy, Justin has been and will in the future be deprived of Mindy's society, services, association, consortium and companionship. His enjoyment thereof has been and in the future will be lessened, impaired and diminished, and he has been and will in the future be required to provide assistance and personal care to his wife. Under the policy of underinsured motorist coverage, Justin is therefore a proper party to receive compensation, and is entitled to collect underinsured motorist coverage as set forth above

12. By reason of the foregoing, plaintiffs Mindy and Justin Wyatt have been damaged and are entitled to fair and reasonable compensation.

13. At all relevant times, Smith carried liability insurance coverage of $100,000.00, through Travelers Insurance. Travelers Insurance offered to pay Smith's policy limits of coverage to Mindy and Justin, to settle their claims against Smith. Travelers eventually paid the policy limits of $100,000 to settle the Wyatts' claims against Smith.

14. Smith was underinsured for the collision, the resulting injuries to Mindy, and the damages incurred by Justin as a result of his wife's injuries.

5

Electronically Filed - Greene - September 19, 2014 - 03:19 PM

15.     Mindy and Justin Wyatt were at all times pertinent insureds through defendant Safeco, and had a policy of insurance in force and effect through defendant Safeco which provided underinsured motorist benefits to Mindy and Justin, for the damages they suffered as a result of the collision with Smith.

16.     Defendant Safeco insured Mindy and Justin at all relevant times under Oklahoma law, under a policy of insurance titled "Oklahoma Personal Auto Policy." The insurance policy is reasonably believed to be Safeco Insurance Policy # Z4397698. Mindy and Justin paid money for coverages under said policy. All conditions necessary for said policy to be in force and effect were met. At all times pertinent, the insurance policy and/or a similar policy through Safeco was in force and effect.

17.     Mindy notified defendant Safeco on multiple occasions of Travelers' offer of Smith's policy limits of coverage, notified Safeco of her intention to settle for the policy limits of Smith's coverage, and requested Safeco's permission to settle for the policy limits of Smith's coverage.

18.     Specifically, on June 3, 2014, Mindy Wyatt advised Safeco of the policy limits offer, and requested Safeco's permission to settle. Safeco ignored Wyatt's letter, failed to respond to Wyatt, and refused to grant Wyatt permission to settle. Safeco's conduct delayed resolution of Wyatt's claims against Smith, and caused Wyatt damage and harm. Wyatt also offered to settle her underinsured motorist claim against Safeco for the policy limits of Wyatt's coverage through Safeco, but Safeco ignored Wyatt's demand. At the time Wyatt advised Safeco of Smith's offer to settle for the policy limits, and at the time Wyatt offered to settle for the policy limits of Safeco's underinsured motorist coverage, Wyatt provided Safeco all information necessary for Safeco to determine that Wyatt's damages were well in excess of all policy limits of insurance coverage available. Safeco's

6

conduct was done so as to impede Wyatt's ability to settle her claim against Smith, and so that Safeco could withhold money that was due and owing to Wyatt.

19.    On June 26, 2014, Wyatt made another demand/request in writing to Safeco, requesting that Safeco grant Wyatt permission to settle for the limits of Smith's liability insurance coverage, and Wyatt again offered to settle for the policy limits of her underinsured motorist coverage through Safeco. Safeco ignored Wyatt's communication, failed to respond to Wyatt, and refused to grant Wyatt permission to settle with Smith. Safeco also ignored Wyatt's demand for the policy limits of coverage. Safeco delayed resolution of Wyatt's claims against Smith, and delayed its payment obligations to Wyatt.

20.    Eventually, after having received no response to multiple communications to Travelers, Mindy Wyatt settled her claims with Smith, with Travelers paying the policy limits of $100,000.

21.    The car Mindy was driving at the time of the collision with Smith was insured through a policy of insurance purchased by plaintiffs from defendant Safeco. Due consideration was paid for said policy, and said policy was in full force and effect at all relevant times. Said policy contained underinsured motorist coverage of $100,000.00. Under the policy terms and at all relevant times, Mindy and Justin were insureds under the policy of insurance. Under the policy terms, Mindy and Justin are entitled to recover the $100,000.00 of underinsured motorist coverage due to the fact that their damages sustained as set forth above far exceed the amounts they have recovered from the coverage available to Smith.

22.    All conditions precedent in the Safeco Insurance policy have been performed or have occurred, and Safeco is contractually obligated under its policy of insurance to provide the

7

underinsured motorist coverage due and owing for Mindy's injuries.

23.    Plaintiffs made demand on defendant Safeco for the policy limits of $100,000.00, which demand Safeco ignored. Plaintiffs have met all requisites to recover prejudgment interest on all sums due and owing.

24.    Defendant Safeco has owed, and does owe, its policy limits, as well as prejudgment interest on said sums.

WHEREFORE, plaintiff prays she be awarded from defendant Safeco Insurance Company, Inc., the amount of the underinsured motorist coverage to which plaintiff is entitled, prejudgment and postjudgment interest thereon, and for her costs expended herein, and for all such other relief as the court deems just and fair under the circumstances.

## COUNT II
### (BAD FAITH)

25.    COME NOW plaintiffs Mindy and Justin Wyatt, and for Count II of their causes of action against defendant Safeco, states and alleges as follows:

26.    Plaintiff incorporates by reference all paragraphs and sub-paragraphs set forth above, as though fully set forth herein.

27.    Mindy and Justin provided defendant Safeco with the applicable medical records and bills stemming from the subject accident.

28.    Mindy has made offers to defendant Safeco to settle within the policy limits of the above-referenced insured policy.

29.    Defendant Safeco has (a) ignored Mindy's offers, (b) ignored Mindy's requests, and (c) continually refused payment of her claims, despite having all of the necessary information

8

showing that policy limits are due and owing.

30.    Safeco's refusal to acknowledge and/or pay Mindy and/or Justin reasonable amounts due under the insurance policy has been in bad faith, has been vexatious, has been with gross neglgience, and has been without reasonable cause or excuse and is vexatious because:

a.    Safeco knew or should have known that the above-referenced wreck was solely caused by Smith;

b.    Safeco knew or should have known Mindy's severe injuries, disabilities, and lost wages were caused or contributed to be caused by the wreck;

c.    Safeco knew or should have known Mindy's harms and damages were far in excess of the policy limits available;

d.    Safeco placed its own pecuniary interests ahead of the health, well-being and interests of its insureds;

e.    Safeco recklessly and/or intentionally delayed and prolonged resolution of Mindy's claims; and

f.    Safeco failed to engage in fair claims settlement practices;

g.    Safeco ignored demands and requests made by its insureds;

h.    Safeco violated several laws of the state of Oklahoma, for adjusting and settling first party insurance claims, to include but not be limited to the provisions of 36 Ok. Stat Section 1250.3 and 1250.5, which include but are not limited to the following acts which are by definition "unfair claims settlement practice(s)" and are conduct engaged in by Safeco on this claim:

(1)    *"Failing to adopt and implement reasonable standards for prompt*

9

*investigations of claims arising under its insurance policies or insurance contracts";*

(2) *"Not attempting in good faith to effecturate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear";* and

(3) *"Compelling, without just cause, policyholders to institute suits to recover amounts due under its insurance policies or insurance contracts . . ."*

i. Safeco put its financial interests ahead of the well-being and financial interests of its insureds;

j. Safeco engaged in a pattern and practice as an institution of placing its financial well-being ahead of the interests of its insureds;

k. Safeco engaged in an institutional pattern and practice of ignoring insureds' demands, and attempting to delay resolution of its insureds' claims against third party tortfeasors;

l. Safeco engaged in an institutional pattern and practice of withholding amounts due and owing to its insureds;

m. Safeco failed to consider the evidence provided by Mindy and/or failed to engage in any investigation of her injuries and claims;

n. Safeco violated its duty to deal fairly and to act in good faith to its insureds;

31. Defendant's refusal to pay reasonable amounts to Mindy and/or not engaging in any meaningful settlement negotiations with Mindy is in bad faith, and without reasonable cause or

10

excuse.

    32.    Safeco's bad faith conduct in rejecting plaintiff's settlement offers resulted in damage to plaintiffs, including but not limited to:

        a.    Loss of monies to which plaintiffs are entitled under the above-referenced policy of insurance with defendant Safeco;

        b.    Costs and fees in filing this lawsuit against Safeco;

        c.    Emotional stress brought on by the circumstances surrounding the filing of this lawsuit and the harms which attended Safeco's conduct.

    33.    Plaintiffs are entitled to recover these losses and damages set forth above, as well as all other economic and non-economic losses resulting from Safeco's bad faith conduct.

    34.    Safeco knew or should have known in light of the surrounding circumstances that its conduct in refusing to accept plaintiff's offers would naturally and probably result in the above-stated harms to plaintiff;

    35.    Despite such knowledge, SAfeco continued such conduct in reckless disregard of the consequences to plaintiff, with sole regard for its own pecuniary interests;

    36.    Safeco's conduct is consistent with its pattern of conduct in avoiding payment of justified claims by knowingly refusing to pay its insured money to which they are entitled in order to delay payment to its insured and increase Safeco's bottom line.

    37.    Defendant's conduct has been made solely to save money, at the expense of plaintiff's health and well-being. Safeco's conduct in placing its financial self-interest ahead of its insured's interests is in violation of its obligations to Mindy.

    38.    Safeco's conduct was done with gross negligence, oppression, recklessness, bad faith,

11

malice, wantonness, and disregard of Mindy and Justin's rights, thus justifying the award of punitive damages. Plaintiffs are entitled to recover punitive damages from Safeco, for the conduct described above.

WHEREFORE, plaintiff respectfully requests she be awarded from defendant Safeco the amount of the underinsured motorist coverage to which she is entitled under the policy of insurance, all damages resulting from defendant's bad faith refusal, reasonable attorneys' fees for the prosecution of this action, for costs expended herein, prejudgment interest on all amounts, post-judgment interest, punitive damages, and for all such other relief as the Court deems fair and just under the circumstances.

<div align="center">

**JURY TRIAL DEMANDED**

</div>

Plaintiffs hereby demand a jury trial for this matter.

Respectfully submitted,

STRONG-GARNER-BAUER, P.C.

Steve Garner – MO Bar #35899
Chandler Gregg – MO Bar #56612
415 E. Chestnut Expressway
Springfield, Missouri 65802
Phone 417-887-4300
Fax 417-887-4385
sgarner@stronglaw.com
chandler@stronglaw.com

Terry A. Neff
Neff & Day, P.C.
117 West Spring Street
P.O. Box 50
Neosho, MO 64850
Phone 417-451-7003
Fax 417-451-7048
tneff@neosholawyers.com

***Attorneys for Plaintiffs***

<div align="center">

12

</div>

**IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI**

MINDY WYATT and )
JUSTIN WYATT, )
                                 )
                Plaintiffs, )
                                 )
      vs. )              Case No. 1431-CC01293
                                 )
SAFECO INSURANCE COMPANY OF )
ILLINOIS, )
**SERVE:** )
      CSC–Lawyers Inc. Service Co. )
      221 Bolivar )
      Jefferson City, MO 65101 )
                                 )
              Defendant. )

## CERTIFICATE OF SERVICE

COME NOW plaintiffs, by and through their attorneys, and hereby advise that the following

documents have been forwarded to the Cole County Sheriff Department via **U.S. MAIL** for service

upon defendant, as prescribed by law, this 23rd day of September, 2014:

    1.    Summons in Civil Case;

    2.    *Petition*;

    3.    *Certificate of Service*;

    4.    *Plaintiffs' First Interrogatories to Defendant Safeco Insurance Company of Illinois*; and

    5.    *Plaintiffs' First Requests for Production of Documents to Defendant Safeco Insurance Company of Illinois.*

**STRONG-GARNER-BAUER, P.C.**

Steve Garner – MO Bar #35899
Chandler Gregg – MO Bar #56612
415 E. Chestnut Expressway
Springfield, Missouri 65802
Phone 417-887-4300
Fax 417-887-4385
sgarner@stronglaw.com
chandler@stronglaw.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was filed with the Greene County Circuit Clerk via **ECF**, and forwarded to the Cole County Sheriff Department via **U.S. MAIL** for service on defendant, as prescribed by law, on this 23rd day of September, 2014.

Cole County Sheriff
**ATTN: CIVIL PROCESS**
350 E. High Street
P.O. Box 426
Jefferson City, MO 65101

**STRONG-GARNER-BAUER, P.C.**

2

## IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

MINDY WYATT and )
JUSTIN WYATT, )
                      )
        Plaintiffs, )
                      )
vs. )      Case No. 1431-CC01293
                      )
SAFECO INSURANCE COMPANY OF )
ILLINOIS, )
**SERVE:** )
    CSC–Lawyers Inc. Service Co. )
    221 Bolivar )
    Jefferson City, MO 65101 )
                      )
        Defendant. )

### PLAINTIFFS' FIRST INTERROGATORIES
### TO DEFENDANT SAFECO INSURANCE COMPANY OF ILLINOIS

COME NOW plaintiffs, Mindy Wyatt and Justin Wyatt, and submit the following interrogatories to be answered by defendant Safeco Insurance Company of Illinois ("Safeco") under oath in the manner provided by law.

In answering these interrogatories all information is to be divulged which is in the possession of the parties, their attorneys, investigators, agents, employees or other representatives.

The terms "collision," "accident," "incident" or "occurrence," refer to the collision, accident, incident or occurrence described in plaintiffs' petition, unless otherwise specified.

These interrogatories are intended as continuing interrogatories, requiring you to file supplemental answers setting forth any information within the scope of the interrogatories as may be acquired by you, your agents, attorneys, or representatives following your original answers.

### DEFINITIONS

1.      The term "you" or "your" as used hereafter means this defendant and any person who

is or was an employee, representative, associate, partner or agent of said defendant.

2.     The term "person(s)" means all entities and, without limiting the generality of the foregoing, includes natural persons, joint owners, associations, proprietorships, companies, partnerships, joint ventures, corporations, professional corporations, trusts and estates.

3.     The term "identify" when referring to an individual person means to state: (a) the full name, present or last known address and telephone number; (b) present or last known position in business affiliation; and (c) and title of position held and by whom employed at the time of each event, transaction or occurrence hereinafter referred to.

4.     The term "identify" or "identity" as used herein in connection with a document means to state: (a) the type of document and its date; (b) the originator of the document; (c) the identity of the person, if any, to whom the document was addressed or directed; (d) the subject matter of the document; and (e) the name and address of the custodian or possessor of the document or a copy thereof. If any such document was, but is no longer, in your possession or custody, or subject to your control, or is no longer in existence, state whether it: (a) is missing or lost; (b) has been destroyed; and (c) has been transferred voluntarily or involuntarily and, in each instance, explain the circumstances surrounding the authorization for each such disposition thereof and state the date or approximate date thereof.

## INTERROGATORIES

1.     State your full, correct corporate name and state the date and place of your incorporation.

     **ANSWER:**

2.     Please state whether you, or anyone acting in your behalf, obtained a statement, or

2

have had access to any statements in any form from plaintiff Mindy Wyatt and/or Justin Wyatt relating to any matters set forth in the Petition and, if so, identify the statement by type, date and all persons involved in taking or obtaining the statements.

**ANSWER:**

3.    Please identify each person you expect to call as an expert at trial and provide the following information pursuant to Missouri Rule of Civil Procedure 56.01(b)(4):

      a.    Expert's name;

      b.    Address;

      c.    Occupation;

      d.    Place of employment;

      e.    Qualifications to give opinion, or if such information is available on the expert's curriculum vitae, such curriculum vitae may be attached;

      f.    General nature of the subject matter on which the expert is expected to testify;

      g.    Expert's hourly deposition fee.

**ANSWER:**

4.    Identify by name, address and field of expertise each non-retained expert witness, including any of your employees, whom you expect to call at trial who may provide expert witness opinion testimony. This interrogatory is propounded pursuant to Rule 56.01(b)(5) of the Missouri Rules of Civil Procedure.

**ANSWER:**

5.    Please identify by name, effective dates and amount of liability protection of any

3

liability policies issued to you which may provide coverage to you for the contract, acts, omissions and/or conduct described in the Petition.

**ANSWER:**

6.     Please identify by policy number and effective dates all policies of insurance defendant had and/or issued and which were in effect on December 11, 2011, issued to Mindy Wyatt and/or Justin Wyatt, and for each please state the effective date and identify the agent who sold each policy by setting forth their name(s) and address(es).

**ANSWER:**

7.     Please identify all persons involved in the negotiation, sale and underwriting of the policy/policies of insurance at issue in this case by setting forth the name(s), address(es) and job title(s).

**ANSWER:**

8.     Please identify by name, address and employment title, all individuals employed by or acting as an agent for defendant who were notified of the accident and injuries to Mindy Wyatt arising from the December 2011, wreck and describe in detail the means of notification including the dates of the notifications; and state specifically what each person did on Mindy's underinsured claim.

**ANSWER:**

9.     Please list all people by setting forth their name, address, telephone number, occupation, and job title who had any involvement in reviewing or assessing (a) the demands for settlement of Mindy Wyatt before suit or after suit, and (b) the request for permission to settle with Travelers and/or Mariah Smith, including but not limited to all people who were involved in making

4

coverage decisions and/or reviewing coverage decisions made by others.

**ANSWER:**

10.    Describe in detail every action taken after notification of the accident and/or claim to determine the damages sustained by Mindy Wyatt the liability for those damages, and coverage under any policy of insurance for such claim, including but not limited to providing a complete description of the following: (a) all information requested, when it was requested and from whom; (b) a complete description of all statements taken; (c) a complete description of all investigations of the scene made setting out when conducted and who conducted; (d) a complete description of all experts contacted; (e) a complete description of each and every tangible document, photograph or statement that was prepared or reviewed pertaining to this claim within the time which the offer was open;  (f) identification of any person who reviewed, considered, or disclaimed coverage for said incident;  and (g) the name, address, telephone number, and corporate positions of all persons who reviewed any demand and/or had input on making a decision rejecting the Mindy Wyatt request for underinsured motorist benefits.

**ANSWER:**

11.    Please identify in detail by stating the person's name, address, occupation and corporate employer each person who examined documents, made factual investigations, took statements, or in any way handled or had involvement in reviewing the claims made by Mindy Wyatt before rejecting her request for payment of underinsured motorist coverage.

**ANSWER:**

12.    Please describe in detail the training received by property and casualty adjusters and/or coverage evaluators used by you to evaluate claims made by your insureds for underinsured

5

motorist benefits during the time from December 14, 2011, through the present.

**ANSWER:**

13. Please state in detail the manner in which claims adjusters are evaluated for purposes of pay increases and advancement; and identify all written performance guides for adjusters from January 2006, through the present.

**ANSWER:**

14. Identify all states which have ongoing investigations or enforcement actions against you at present.

**ANSWER:**

15. Please identify all other claims, whether by individuals, or by any state agencies, from January 2006, to present, for vexatious refusal to settle, bad faith, or for any delay in paying or accepting claims by setting forth the complete case caption and case number and/or administrative number or title.

**ANSWER:**

16. Identify all documents used by adjustors (or any other person or group involved in the setting of reserves for injury claims), regarding the appropriate or proper method, procedure, or manner in which to set reserves.

**ANSWER:**

17. Please identify all persons by name, address and job title who played any part or role in the setting of any reserves for the claim of Mindy Wyatt and identify all reserves which were set for the Mindy Wyatt claim by date, amount and person setting.

**ANSWER:**

6

18. Identify all documents or other items consulted prior to rejecting Mindy Wyatt's request for underinsured motorist benefits applicable to her claims, and/or prior to your refusal to respond to Mindy Wyatt's demands for underinsured motorist benefits.

   **ANSWER:**

19. Identify all individuals who reviewed, considered or were consulted prior to rejecting Mindy Wyatt's claim for underinsured motorist benefits, and state specifically what each person did on said claim. Included in your answer should be a detailed explanation for (a) why you refused and/or failed to respond to Wyatt's counsel's demand for coverage, (b) why you refused and/or failed to respond to Wyatt's counsel's request for permission to settle Wyatt's liability insurance claims, and (c) all research, activity and adjustment that you performed.

   **ANSWER:**

20. Please state defendant's coverage decision for Mindy Wyatt and/or Justin Wyatt's claims arising from injuries to Mindy Wyatt arising from the December 2011 wreck. This should include:

> a. The amount of underinsured coverage that is available to Mindy Wyatt for her injuries suffered in the subject collision;
>
> b. The amount of underinsured coverage that is available to Justin Wyatt for his consortium claim stemming from the subject collision;
>
> c. The combined amount of underinsured coverage available to Mindy Wyatt and/or Justin Wyatt, for Mindy's injuries suffered in this wreck.

   **ANSWER:**

7

**STRONG-GARNER-BAUER, P.C.**

Steve Garner – MO Bar #35899
Chandler Gregg – MO Bar #56612
415 E. Chestnut Expressway
Springfield, Missouri 65802
Phone 417-887-4300
Fax 417-887-4385
sgarner@stronglaw.com
chandler@stronglaw.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was forwarded to the Cole County, Missouri Sheriff via **U.S. MAIL**, for service on defendant, this 23<u>rd</u> day of September, 2014.

Cole County Sheriff
**ATTN: CIVIL PROCESS**
350 E. High Street
P.O. Box 426
Jefferson City, MO 65101

**STRONG-GARNER-BAUER, P.C.**

8

## VERIFICATION

STATE OF _____ )
                     ) *ss:*
COUNTY OF _____ )

    I,_____, hereby state that I am the _____
of **SAFECO INSURANCE COMPANY OF ILLINOIS** and, as such, am authorized to answer the
foregoing interrogatories; that I have read the same; and that the same are true to the best of my
knowledge, information and belief.

 

_____

Name (Please sign)

 

_____

Name (Please print)

 

_____

Title

    SUBSCRIBED and SWORN to before me, a Notary Public, this _____ day of
_____, 2014.

 

_____

Notary Public

My Commission Expires: _____

9

## IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

MINDY WYATT and )
JUSTIN WYATT, )
)
      Plaintiffs, )
)
vs. )     Case No. 1431-CC01293
)
SAFECO INSURANCE COMPANY OF )
ILLINOIS, )
**SERVE:** )
    CSC–Lawyers Inc. Service Co. )
    221 Bolivar )
    Jefferson City, MO 65101 )
)
      Defendant. )

## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SAFECO INSURANCE COMPANY OF ILLINOIS

In accordance with Supreme Court Rule 58.01, plaintiffs hereby request defendant to produce and permit plaintiffs to inspect and copy the following documents.

The term "incident(s)" refers to the incidents described in plaintiffs' Petition.

The term "and/or" should be interpreted most broadly, either conjunctively or disjunctively, to include within its reach all possible responses which might otherwise be outside the request.

### DEFINITIONS

As used in this document request, the following terms have the meanings indicated below:

1.    "Person" refers to natural persons, proprietorships, corporations, partnerships, trusts, joint ventures, groups, associations, and organizations. The use of the singular shall be deemed to include the plural, and the use of one gender shall include all others, as appropriate in context.

2.    "You" or "your" refer to the "person" to whom the Document Request is directed and any of its affiliates, predecessors, employees, agents, and representatives, and all persons either

acting or purporting to act on behalf of any of the aforementioned.

   3. "Refer or relate" means all documents which comprise, explicitly or implicitly refer to, were reviewed in conjunction with, or were generated as a result of the subject matter of the request, including, but not limited to, all documents which reflect, record, memorialize, discuss, evaluate, consider, review or report on the subject matter of the request.

   4. "Document" is used in the broadest possible sense and means, without limitation, any written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof. This definition includes copies or duplicates of documents contemporaneously or subsequently created which have any nonconforming notes or other markings. Without limiting the generality of the foregoing, "document" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes, or minutes of meetings or of other communications of any type, including inter-office and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonograph recordings, films, tapes, video tapes, discs, data cells, drums, print-outs, all other data compilations from which information can be obtained (translated, if necessary, by you through detection devices into useable form) and any preliminary versions, drafts, or revisions of any of the foregoing.

   5. "Communication" means the transmittal of information in the form of facts, ideas,

2

inquiries or otherwise.

## **INSTRUCTIONS**

1.    All/Each: The terms "all" and "each" shall be construed as all and each.

2.    And/Or: The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.    Number: The use of the singular form of any word includes the plural and vice versa.

4.    Objections Based on Privilege: In the event that any document or thing requested herein is withheld under a claim of privilege, please provide the following information with respect to such document or thing:

> a.    The type of document or thing, its general subject matter and the place and approximate date it was prepared or created;
>
> b.    The name and address of each person who prepared or created the document or thing and the name and address of each other person who has received or examined the document or thing or a copy thereof;
>
> c.    The name and address of the person who presently has possession or custody of the document or thing;
>
> d.    The type of privilege claimed;
>
> e.    A statement of the circumstances which bear on whether the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or just to part of the document or thing;
>
> f.    The name of each specific Document Request to which the withheld

3

document is responsive; and

g.      Whether the document has been produced or provided to any person in connection with other litigation or to the Securities and Exchange Commission or to any other governmental agency.

5.      Organization of Documents: All documents produced in response to this request shall be organized and labeled to correspond with the number of the Document Request to which the documents are responsive, or shall be produced as they are kept in the ordinary cause of business.

6.      Time Period: The time period for this request for production of documents should be from January 1, 2005, to the present unless specifically stated otherwise in the request.

7.      No redaction of any information in the requested documents.

In responding to these requests, plaintiffs request documents from the named defendant, the named defendant's subsidiary corporations, as well as individuals and entities who have acted as agents for the named defendant. To the extent that responsive documents or information has been stored on computer hard drives or disks, plaintiffs ask that the information be printed and supplied or the disk be supplied in a form readable on a Windows.

## REQUEST FOR PRODUCTION

1.      All claims files in their entirety pertaining to any claim relating to Mindy Wyatt. This should include all adjuster's logs, memos, letters, e-mails, handwritten notes, photographs, statements, phone logs, telephone records, etc., and should include all files including but not limited to field adjusters' files, regional and/or branch claims files and all home office files.

**RESPONSE:**

2       The entire file of each and every attorney and/or law firm hired by you prior to suit

4

to make decisions pertaining to the underinsured motorist claims of Mindy Wyatt, including but not limited to letters from the attorney to the carrier, letters from the carrier to the attorney, all memos, e-mails, phone records, receipts, billings, statements, and status reports.

**RESPONSE:**

3.     The complete underwriting files for all insurance provided by you to Mindy Wyatt and/or Justin Wyatt.

**RESPONSE:**

4.     Copies of all training material used to train adjusters between January 2006, through the present, including educational pamphlets, books, audio-visual aids, computer disks, software packages, handouts, company educational material for in-house training, etc. Such materials should include education on claim valuations, education on coverage issues, education on obligations to the insured, and any other facet of a claims adjuster's job.

**RESPONSE:**

5.     All written performance guides for pay and salary increases for persons involved in adjusting claims utilized by your company from January 1, 2006, to present.

**RESPONSE:**

6.     The complete personnel files of all individuals who were assigned to Mindy Wyatt's claim for underinsured motorist benefits.

**RESPONSE:**

7.     All manuals, guides, procedure bulletins or other documents which discuss claims handling in any manner, including but not limited to the Claims Procedure Manual and/or any Regional, Branch, or Home Office Claims Manuals.

5

**RESPONSE:**

8.     Any and all information and documentation pertaining to advertising by defendant, to include but not limited to brochures, pamphlets, mailings, video tapes, commercials, photographs and recordings, whether intended for the general public or agents selling insurance, from January 1, 2006, to the present.

**RESPONSE:**

9.     Copies of the compensation program for the claims adjusters handling the claims of Mindy Wyatt, including any bonus program or incentive program in force between January 1, 2006, and the present.

**RESPONSE:**

10.     Any computer data bases available for use from January 1, 2010, through present to assist in placing a dollar evaluation on claims.

**RESPONSE:**

11.     Any newsletters or other type of industry publications received by you between January 1, 2008, and present, wherein verdicts and/or settlements are reported or claim evaluation methods are reported.

**RESPONSE:**

12.     Certified copies of all liability insurance policies and/or uninsured motorist policies and/or underinsured motorist policies issued by you or any affiliates, subsidiaries, or parent organizations to Mindy Wyatt which were in effect on December 11, 2011, (date of accident) and the declarations page of each such policy.

**RESPONSE:**

6

13.    All still photographs, videotapes, video motion pictures of Mindy Wyatt or of a statement made by Mindy Wyatt.

**RESPONSE:**

14.    All medical records reviewed by you before rejecting any offers of settlement made by Mindy Wyatt, and/or before failing and/or refusing to respond to Mindy Wyatt's settlement offers.

**RESPONSE:**

15.    All documents or things reviewed prior to rejecting Mindy's claim for underinsured coverage (UIM) for Mindy Wyatt's injuries, and/or prior to ignoring Mindy Wyatt's demand for UIM coverage.

**RESPONSE:**

16.    All documents sent by the Missouri Department of Insurance to you as a result of or related to any complaint filed against you or any subsidiary or affiliate since January 1, 2008.

**RESPONSE:**

17.    All documents submitted by you to the Missouri Department of Insurance as a result of or related to any complaint filed against you since January 1, 2008.

**RESPONSE:**

18.    All documents evidencing complaints against you received by the Missouri Department of Insurance since January 1, 2008.

**RESPONSE:**

19.    All documents evidencing complaints against you or any subsidiary or affiliate company received by any other department of insurance from January 1, 2008, to present.

**RESPONSE:**

7

20.     All current organizational charts for you.

**RESPONSE:**

21.     Your entire electronic claims log, files, or other computer systems, regarding the claims of Mindy Wyatt.

**RESPONSE:**

22.     A blank copy of all forms, logs, or other paper documents used in the management, adjustment or coverage determination for claims from January 1, 2008, to present.

**RESPONSE:**

23.     All e-mail communications between you, and any other person or entity, regarding the claims of Mindy Wyatt, other than attorney-client communications.

**RESPONSE:**

24.     All industry codes of practice, ethics, or standards which you have adopted, regarding setting of reserves, claims handling or adjustment, valuation of claims, protection of insured's assets, and/or policy coverage considerations.

**RESPONSE:**

25.     A copy of all human resource or other job descriptions for all individuals who had any role whatsoever in the decision-making process as to the Mindy Wyatt claim.

**RESPONSE:**

26.     All peer review or round table review documents regarding the Mindy Wyatt claim.

**RESPONSE:**

27.     All documents or other items reviewed, considered, consulted, or analyzed prior to declining payment for the underinsured motorist claim by Mindy Wyatt.

8

**RESPONSE:**

28.    All manuals, policies, procedures, texts, treatises, or articles you had available from January 1, 2008, to present regarding decision-making on questions of coverage for loss or claims made by an insured.

**RESPONSE:**

STRONG GARNER-BAUER, P.C.

Steve Garner – MO Bar #35899
Chandler Gregg – MO Bar #56612
415 E. Chestnut Expressway
Springfield, Missouri 65802
Phone 417-887-4300
Fax 417-887-4385
sgarner@stronglaw.com
chandler@stronglaw.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was forwarded to the Cole County, Missouri Sheriff via **U.S. MAIL**, for service on defendant, this 23rd day of September, 2014.

Cole County Sheriff
**ATTN: CIVIL PROCESS**
350 E. High Street
P.O. Box 426
Jefferson City, MO 65101

STRONG GARNER-BAUER, P.C.

9



# IN THE 31ST JUDICIAL CIRCUIT COURT, GREENE COUNTY, MISSOURI

**FILED**

**OCT 06 2014**

**MAIL**

CIRCUIT CLERK GREENE COUNTY

| | |
|---|---|
| Judge or Division:<br>MARK A POWELL | Case Number: 1431-CC01293 |
| Plaintiff/Petitioner:<br>MINDY WYATT | Plaintiff's/Petitioner's Attorney/Address<br>JOSEPH CHANDLER GREGG<br>415 E CHESTNUT EXPWY<br>SPRINGFIELD, MO 65802 |
| vs. | |
| Defendant/Respondent:<br>SAFECO INSURANCE COMPANY OF ILLINOIS | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Breach of Contract | |

**RECEIVED** (Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  SAFECO INSURANCE COMPANY OF ILLINOIS
            Alias:

CSC-LAWYERS INC. SERVICE CO.
221 BOLIVAR
JEFFERSON CITY, MO 65101

*SEP 26 2014*
*COLE COUNTY*
*SHERIFF'S OFFICE*

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| 09/19/2014 | MM |
|---|---|
| Date | Clerk |

**GREENE COUNTY**

Further Information:

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
    _LAUREN SHOPLEY_ (name) _DESOGNEE_ (title).

☐ other _____

Served at _350 E. HIGH ST._ (address)

in _COLE_ (County/City of St. Louis), MO, on _9-29-14_ (date) at _8:00 AM_ (time).

_GREG WHITE_                    _by_    _Douglas R Black #21_
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
                    Date                    Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ _10.00_ | |
| Mileage | $ _____ | ( _____ miles @ $._____ per mile) |
| Total | $ _____ | |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) *For Court Use Only: Document Id # 14-SMCC-2905*          1 of 1          Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo